IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARJORIE E. MELLON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 08-71-GMS |

**MEMORANDUM**

**I.      INTRODUCTION**

On February 4, 2008, plaintiff Marjorie E. Mellon ("Mellon") filed this appeal from the denial of her claim for Social Security disability benefits.[1] (D.I. 2.) Presently before the court is the defendant's motion for summary judgment. (D.I. 11.) For the reasons that follow, the court will: (1) deny the defendant's motion without prejudice, (2) vacate the ALJ's decision, and (3) remand this matter to the ALJ for consideration in light of the new evidence cited by the plaintiff.[2]

**II.     BACKGROUND**

On May 7, 2004, the plaintiff filed an application for Social Security disability benefits, claiming that she was disabled, and unable to work due to, among other things, "pains in her joints

---

[1] Specifically, on November 21, 2006, Administrative Law Judge Edward J. Banas (the "ALJ") issued a written decision denying the plaintiff's claim for disability benefits (the "ALJ's decision"). (D.I. 14 at 12.)

[2] Because the court remands this case for the limited purpose of reconsideration in light of the plaintiff's diagnoses for Lupus and Lyme disease, the court does not reach or address the merits of the ALJ's November 21, 2006 decision. This opinion also does not address the merits of the defendant's motion for summary judgment.

and muscles" and "migraine headaches, depression and panic attacks."[3] (D.I. 14 at 12.) On October 29, 2004, the Social Security Administration (the "SSA") denied this claim, finding that the plaintiff was not "disabled." (*Id.*) Following a request for reconsideration, on March 31, 2005, the SSA again denied the plaintiff's claim. (*Id.*)

On April 26, 2005, the plaintiff requested a hearing before the ALJ. (*Id.*) On August 29, 2006, the ALJ held a hearing on the plaintiff's claim. (D.I. 14 at 12.) At the hearing, the plaintiff testified about the nature and severity of her ailments, and the difficulties and limitations they presented in her daily life activities. (D.I. 14 at 16.) On November 21, 2006, after considering the testimony of both the plaintiff and an impartial vocational expert, and the medical evidence available at the time, the ALJ issued a written opinion finding that the plaintiff was not entitled to Social Security disability benefits. (*Id.* at 12.) Specifically, the ALJ concluded that the plaintiff was not "disabled within the meaning of the Social Security Act," and that her claims of "great pain" and debilitation were neither "entirely credible" nor fully supported by the medical evidence. (*Id.* at 16.) On January 11, 2007, the plaintiff requested a review of the ALJ's decision by the Social Security appeals council. (*Id.* at 8.) This request, however, was later denied by the appeals council on December 7, 2007. (D.I. 14 at 4.)

On February 4, 2008, the plaintiff filed the instant action seeking judicial review of the ALJ's decision. (D.I. 2.) In part, as a basis for this action, the plaintiff states that she has recently been diagnosed with both Lupus and Lyme disease. (D.I. 10, 15-16.) On August 8, 2008, the defendant filed a motion for summary judgment seeking to affirm the ALJ's decision and the dismissal of this

---

[3] When the plaintiff originally filed her claim for disability benefits on May 7, 2004, she was 46 years old, had previously completed one year of college, and had past work experience as a customer service representative. (D.I. 14 at 62-63, 67.)

appeal. (D.I. 11.)

### III. DISCUSSION

In this appeal, the plaintiff suggests that her post-hearing diagnoses for Lupus and Lyme disease are relevant to her claim for disability benefits, and should be considered by the ALJ. (D.I. 10.) Although the plaintiff does not explicitly request a remand for the consideration of new evidence under the Social Security Act, the court will construe this appeal as such. *Cf. Holley v. Department of Veteran Affairs,* 165 F.3d 244, 247-48 (3d Cir. 1999) (applying the "applicable law irrespective of whether a *pro se* litigant has mentioned it by name").

Section 405 of the Social Security Act provides, in relevant part, that:

> [The Court] may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding . . .

*Szubak v. Secretary of Health & Human Services,* 745 F.2d 831, 833 (3d Cir. 1984) (quoting 42 U.S.C. § 405(g)). Specifically, § 405(g) requires that to support a "new evidence" remand, the evidence must first be "new" and not "merely cumulative" of what is already in the record. *Id.* (citations omitted). Second, the evidence must be "material." *Id.* That is, it must be both "relevant and probative." *Id.* Third, there must be a "reasonable possibility that the new evidence would have changed the outcome of the [SSA's] determination." *Szubak,* 745 F.2d at 833 (citations omitted). In addition, the new evidence must relate to the time period for which benefits were denied, and not concern evidence of a "later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Id.* (citing *Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir. 1982)). The claimant must also demonstrate "good cause" for not having incorporated the new evidence into the

administrative record. *Id.* (citation omitted).

Here, after having considered the record in this case, the parties' submissions, and the applicable law, the court concludes that this matter should be remanded to the ALJ for consideration of new evidence concerning the plaintiff's diagnoses for Lupus and Lyme disease. First, the court finds that the plaintiff's diagnoses for both Lupus and Lyme disease are, indeed, new evidence; and not cumulative of evidence already in the record. Specifically, these diagnoses are new in that they were made subsequent to the plaintiff's initial claim, and subsequent to the hearing before the ALJ. These diagnoses also were not available and, thus, could not have been considered in connection with the plaintiff's original claim for disability benefits. *See Szubak*, 745 F.2d at 833 (noting that the "new" medical reports at issue "could not have been presented at the hearing") (citation omitted). Likewise, there is no evidence in the record to suggest that these diagnoses relate to a time period for which benefits were denied, or that they concern a "later-acquired disability," or the subsequent deterioration of a "previously non-disabling condition." *Id.* at 833 (citation omitted).

Second, the court finds that these diagnoses are material to the plaintiff's disability claim. For one thing, the symptoms associated with Lupus and Lyme disease may explain or corroborate the plaintiff's claims of "great pain" and debilitation. In addition, this evidence may provide the ALJ with a "better understanding" of the plaintiff's limitations and difficulties in performing daily life activities. *Szubak*, 745 F.2d at 833. At the very least, this new evidence would be relevant to and probative of the plaintiff's medical condition, and, thus, an important consideration in determining whether the plaintiff was, in fact, disabled during the relevant time period.

Third, based on the present record, the court cannot say conclusively that "there is no possibility" that this new evidence would have changed the outcome of the ALJ's decision. *Szubak*,

4

745 F.2d at 833. To the contrary, since the ALJ based his denial, in part, on a finding that the plaintiff was not "entirely credible", these new diagnoses may well lend credence to the plaintiff's claims, and offer support for the other medical evidence in the record.

Finally, given the particular facts of this case, the court is satisfied that good cause exists for not having incorporated this new evidence in the administrative record. According to the plaintiff (and not disputed by the defendant), Lupus and Lyme disease are conditions that are difficult to diagnose. In addition, the record reflects that these diagnoses were not provided until after the ALJ's decision in this case. Moreover, there is no evidence that the plaintiff acted in bad faith, or intentionally withheld evidence of these diagnoses, or that she is seeking to inappropriately introduce this evidence with the idea of "obtaining another bite of the apple." *Szubak*, 745 F.2d at 834 (holding that "a remand here presents little danger of encouraging claimants to seek after-acquired evidence, and then to use such evidence as an unsanctioned backdoor means of appeal") (internal quotations omitted). Accordingly, this case should be remanded.

## IV. CONCLUSION

For the foregoing reasons, the court will, therefore, (1) deny the defendant's motion for summary judgment without prejudice, (2) vacate the ALJ's decision, and (3) remand this matter to the ALJ for reconsideration in light of the new evidence.

Dated: June 30, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARJORIE E. MELLON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-71-GMS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

For the reasons stated in the court's memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's motion for summary judgment (D.I. 11) is DENIED without prejudice.

2. The ALJ's November 21, 2006 decision is VACATED.

3. This matter be REMANDED for consideration of the new evidence.

Dated: June 30, 2009

CHIEF, UNITED STATES DISTRICT JUDGE